# SUPREME COURT.

WILLIAM B. SMITH, appellant, agt. GEORGE WILLIAM STURGESS, respondent.

*Contract to sell real property — Vendor and vendee — Meaning of the words "stores and premises"— Seller bound to prove on trial that on day and place specified in contract he was ready and willing to perform the same as therein specified —Purchaser need not perform contract because seller offered to pay the money value of fixtures that had been taken away.*

The plaintiff contracted to sell and the defendant to purchase certain property, under the general description in the contract of "store and premises;" and plaintiff represented that he was offering the premises for sale just as they then appeared, with the water-closets, basins, &c., as parts of and belonging to the property to be sold. Between the making of the contract and the meeting of the parties for the purpose of executing the conveyance, the building had been dismantled by the removal by the tenant, who owned them, of the gas and water pipes, and other fixtures, so that it was at that time in an untenantable condition:

*Held,* that though no fraud was shown on the part of the vendor, and though the fact that the fixtures belonged to the tenant was not known to him, a verdict for the defendant in this action to enforce the contract was properly directed, for the plaintiff was bound to show upon the trial that his assignor was, on the day and place specified in the contract, ready and willing to perform the contract by a compliance with its terms, which he could only do under the circumstances by conveying the property substantially in the condition in which it was when it was sold. Nor could he claim the performance on the part of the purchaser by offering to pay to him the money value of the fixtures that had been taken away.

*First Department, General Term, July,* 1883.

*Before* DAVIS, *P. J.,* BRADY *and* WRIGHT, *JJ.*

APPEAL from a judgment, entered at circuit upon verdict for defendant by direction of the court. The facts sufficiently appear in the opinion.

*Johnson, Tilton & Brodsky (Albert Mathews, of counsel),* for plaintiff, appellant, made and argued the following points:

I. The alleged "fixtures" having been put up for temporary

Smith agt. Sturgess.

accommodation of the tenant by himself with intent to remove the same belonged exclusively to the tenant, were personal property, not part of the realty and could not be sold or conveyed by another (*Teft* agt. *Horton,* 53 *N. Y.,* 377 ; *McRea* agt. *Central Bank of Troy,* 66 *N. Y.,* 495 ; *Sisson* agt. *Hibbard,* 75 *N. Y.,* 546 ; *Globe Mills Co.* agt. *Quinn,* 76 *N. Y.,* 25).

II. The alleged declaration of Trask, if made, that these so-called " fixtures " should be deemed part of the premises could not convert this personal property into realty (*McKeaze* agt. *Hanover Ins. Co.,* 81 *N. Y.,* 38).

III. The mere fact of actual personal possession by the tenant was legal notice to all purchasers of his rights as owner of the so-called " fixtures " upon the premises, and the defendant's contract was made subject to these rights (*Grimstone* agt. *Carter,* 3 *Paige R.,* 437 ; *De Ruyster* agt. *St. Peter's Church,* 2 *Barb. Ch.,* 555 ; *Bank of Orleans* agt. *Flagg,* 3 *Barb. Ch.,* 316 ; *Laferty* agt. *Moore,* 33 *N. Y.,* 658 ; *Livingstone* agt. *Arnoux,* 56 *N. Y.,* 521).

IV. The court erred on the trial, first, by allowing the introduction of parol evidence in conflict with the letter of the contract of " false representations, " and, secondly, by refusing to allow the plaintiff to submit to the jury the question of fraud or bad faith on the part of the seller in the premises (*Koehler* agt. *Adler,* 78 *N. Y.,* 291 ; *Justice* agt. *Lang,* 52 *N. Y.,* 328 ; *Hart* agt. *H. R. R. Co.,* 80 *N. Y.,* 623).

*J. C. Julius Langbein,* of counsel for defendant, respondent, made and argued the following points :

I. The testimony as to what was said between the seller and the defendant and his witnesses was properly admitted. It was in explanation of the intent and meaning of the parties of the words " stores and premises " in the contract of sale (*Heinnemann* agt. *Rosenbach,* 39 *N. Y.,* 98 ; *Tunk* agt. *Brigaldi,* 4 *Daly,* 359 ; *Petitt* agt. *Shepherd,* 32 *N. Y.,* 97 ;

Smith agt. Sturgess.

*Collender* agt. *Dinsmore*, 55 *N. Y.*, 200 ; *Lawrence* agt. *Gallagher*, 73 *N. Y.*, 613).

II. The rule is a general one, that upon a sale of the freehold any and all fixtures attached to it will pass, unless there is some express provision to the contrary. For here the presumption is strong against the vendor who should expressly reserve from sale such articles set up in the freehold as he wished to remove for himself, since a vendee is not asked to make a purchase of lands blindfold (*Shouler on Personal Property, p.* 150).

III. Under all the authorities, not only at equity but at law, the proofs in the case entitled the defendant to a judgment in his favor (*Jenkins* agt. *Fahy*, 73 *N. Y.*, 355 ; *Hubbell* agt. *Van Schoening*, 49 *N. Y.*, 326 ; *Merchants' Bank* agt. *Thomson*, 55 *N. Y.*, 9).

IV. The direction by the court to the jury to find a verdict, under the evidence, for the defendant, and the denial by the court, on plaintiff's motion, to allow him to go to the jury as to the credibility of defendant's witnesses as to the seller's representations regarding the fixtures, was not error for which the judgment should be reversed (*Hodge* agt. *City of Buffalo*, 1 *Abb. N. C.*, 356 ; *Elwood* agt. *Western Union Tel. Co.*, 45 *N. Y.*, 549 ; *Sheridan* agt. *The Mayor*, 8 *Hun*, 430 ; *Kavanaugh* agt. *Wilson*, 70 *N. Y.*, 177 ; *Nicholson* agt. *Connor*, 8 *Daly*, 212 ; *Gildersleeve* agt. *Langdon*, 75 *N. Y.*, 609).

DAVIS, *P. J.*— When the contract for the sale of the property described therein was made, all the fixtures subsequently removed by the tenant were in the building, and in such condition that if they had belonged to the vendor, the plaintiff's assignor, the title to them would undoubtedly have passed to the defendant under the general description in the contract — " store and premises."

The fact that they belong to the tenant under such circumstances that he was entitled to take down and remove them, was not made known to the purchaser. From the evidence

Smith agt. Sturgess.

in the case, that fact was evidently not known to Trask the vendor. But if it were, it clearly appears that he had not in any way advised the purchaser of the fact. On the contrary, the evidence shows that he represented that he was offering the premises for sale just as they then appeared, with the water and gas pipes, water closets, basins, &c., as parts of and belonging to the property to be sold. As between him and the purchaser the contract must be held to be an agreement for the sale of those fixtures or such of them as would pass as part of the real estate as much as any other part of the property, and that that was the understanding of the parties appears beyond dispute, both from what was said at the time the premises were shown, and from what was said at the time they met at the office of Mr. Bailey for the purpose of executing the conveyance. Between the making of the contract and the date of that meeting, the building had been dismantled by the removal of the gas and water pipes, water closets, and the various fixtures enumerated, so that it was at that time in an untenantable condition.

Upon this state of facts the defendant was not bound to receive a conveyance of the property in its altered condition as performance of the contract into which he had entered, and it was upon this ground, doubtless, that the learned judge at circuit directed the verdict for the defendant.

The answer alleged fraud on the part of Trask, the vendor, as a defense. The case in our judgment failed to show any fraud on his part, and if the disposition depended upon that question we should feel it our duty to hold that the court should at least have sent the question of fraud to the jury. But it does not necessarily depend upon that question, for the plaintiff was bound to show upon the trial that his assignor was, on the day and place specified in the contract, which was the time of the meeting at the office of Mr. Bailey, ready and willing to perform the contract, by a compliance with its terms, which he could only do, under the circumstances, by conveying the property substantially in the condition in which

it was when it was sold. If he could not do this, it was no excuse that he was not aware that the tenant in possession was, in fact, the owner, and had the right to remove things apparently appurtenant and belonging to the premises as parts thereof, and the removal of which had seriously diminished their value; nor could he claim the performance on the part of the purchaser by offering to pay to him the money value of the fixtures that had been taken away. To such an offer it was a sufficient answer to say, as the defendant did, that he had bought property in a tenantable condition, fit to be rented without delay, and was not bound to take the same in a condition which would require the restoration of appurtenances and fixtures before the same could be rented.

The defendant had a legal right to refuse to accept the conveyance in the condition in which it then was, and the court had not, in an action of this kind, any power to intervene and require him to accept the same upon compensation for the diminution in its value by the removal of the fixtures. The action is at law, and must stand upon strict legal rights. Upon the evidence, as it stood uncontradicted, there was really no question for the jury, and no reason for submitting the question of fraud or good faith on the part of the vendor.

We see no reason for interfering with the verdict on any exceptions taken to the admission of testimony during the progress of the trial.

All that was said and done antecedent to and at the time of making the contract was properly admitted as bearing upon the question of fraud, and although the defendant failed to establish the allegation of fraud, it does not follow that the verdict should be disturbed if the evidence is admissible as a part of his effort to establish it.

If all that is objectionable is stricken out of the case there would still remain the controlling fact that the plaintiff's assignor had agreed to convey the store and premises which contained valuable fixtures appurtenant to the land, and form-

ing part of the building, at the time of the offer of the conveyance had been taken down and removed by their owner, so that the store and premises were in material respects not the same property agreed to be purchased.

We think the judgment should be affirmed.

BRADY, J., concurs.